WILLIE Z. LEACH, APPELLEE, v. JAMES H. BIXBY, APPELLEE; JESSE C. MCNISH, APPELLANT.

FILED MARCH 20, 1909. No. 15,455.

1. Appeal: PARTIES. No one but an interested party may appeal, and one bringing a case to this court for review must show by the record that he is an interested party, and that he has been prejudiced by the judgment appealed from.

2. ———: ———. In order to obtain relief on appeal, an intervener may not assail the sufficiency of plaintiff's petition alleging a cause of action only against the defendant, unless he further shows that the judgment dismissing the intervener's petition was erroneous and prejudicial.

APPEAL from the district court for Hayes county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Starr & Reeder,* for appellant.

*R. D. Brown, C. A. Ready, Venrick & Green* and *J. L. White, contra.*

EPPERSON, C.

Plaintiff filed a petition in the district court to require the specific performance of a contract for the sale of real estate. The defendant filed an answer, with which we are not concerned. The appellant herein obtained leave of court to intervene, and filed an answer and cross-petition, claiming title by virtue of a deed of conveyance made by

the defendant subsequent to the time that plaintiff claims to have purchased. A trial was had upon the issues presented by, all the pleadings, which resulted in the relief prayed for by the plaintiff and a dismissal of the intervener's cross-petition. The intervener alone appealed from the judgment of the district court, alleging that the judgment is, not supported by the evidence, and assigning as errors the court's failure to sustain intervener's demurrer to the petition, and the admission of evidence on the part of the plaintiff.

No bill of exceptions has been filed, but the intervener contends that he is entitled to a review of the pleadings, and a reversal of the judgment of the court below in the event it is found that the petition did not state a cause of action against the defendant. We do not believe, under the circumstances of this case, that it would be right for us to determine the sufficiency of the petition. No one but an interested party may appeal, and one bringing the case to this court for review must show by the record that he is an interested party and that he has been prejudiced by the judgment appealed from. Where a petition is assailed by a party thereto, who is sued as a defendant and against whom affirmative relief is asked, he may question its sufficiency at any time before final judgment. He is *prima facie* an interested party, and, on appeal by such a one, this court would be required to look into the petition for the purpose of ascertaining whether or not it stated a cause of action. But in the case at bar the intervener does not appear from the record to be an interested party. At most, the record only discloses that he claims to be such by reason of some interest or title which he asserted in his answer and cross-petition. That issue was tried in the court below, and, in the absence of the bill of exceptions, we presume that the judgment of the district court dismissing the intervener's cross-petition is right. He therefore comes into this court without putting himself in a position to question that part of the judgment dismissing his cause of action. In other

words, he has not brought enough of the record here to show that he was prejudiced by the judgment rendered in favor of plaintiff, which he seeks to reverse. He is not entitled to a reversal of the judgment dismissing his cross-petition simply because plaintiff failed to allege a cause of action against defendant.

It is claimed that the intervener was virtually substituted as a party defendant. The record does not support this contention. The intervener asked leave of court to intervene. It seems that this was an oral request, which was granted. Thereupon he filed a pleading in the form of an answer and cross-petition, in which he asked affirmative relief against the plaintiff and against the defendant. Upon trial on the merits the district court found against the intervener and dismissed the cross-petition. Without doubt intervener had the right in the court below to question the sufficiency of plaintiff's petition by showing that he was interested in the subject matter. Although the record discloses that a demurrer was filed, it does not show that it was ever called to the court's attention and a ruling requested thereon. In order to obtain relief on appeal, an intervener must show, not only that the judgment obtained by plaintiff was wrong, but that it was prejudicial to him.

We recommend that the judgment of the district court be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.